# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MASAO KOZAI, | Case No. CV 19-04725-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On May 30, 2019, Kevin Masao Kozai ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on September 16, 2019. (Dkt. 12.) On November 27, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 14.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 63 year-old male who applied for Social Security Disability Insurance benefits on May 28, 2015, alleging disability beginning September 15, 2014. (AR 31.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 15, 2014, the alleged onset date. (AR 33.)

Plaintiff's claim was denied initially on November 9, 2015, and on reconsideration on May 27, 2016. (AR 31.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Diana J. Coburn on December 7, 2017, in Pasadena, California. (AR 31.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 31.) Vocational expert ("VE") Marian R. Marracco also appeared and testified at the hearing. (AR 31.)

The ALJ issued an unfavorable decision on April 26, 2018. (AR 31-41.) The Appeals Council denied review on March 27, 2019. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the opinions of Dr. Richman.
2. Whether the ALJ properly considered Kozai's testimony.
3. Whether the ALJ properly classified Kozai's work as a data entry clerk.
4. Whether the ALJ properly considered work as a data entry clerk as past relevant work.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

3

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 15, 2014, the alleged onset date. (AR 33.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bilateral knee arthritis, right carpal tunnel and tenderness, cervical radiculopathy, diabetes, and headaches. (AR 34-35.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 35-36.)

The ALJ then found that Plaintiff had the RFC to perform medium work as defined in 20 CFR § 404.1567(c) with the following limitations:

> Claimant could frequently climb ramps and stairs, and balance. Claimant could occasionally stoop, kneel, crouch and crawl. Claimant could frequently handle and finger with the right dominant hand. Claimant should avoid all exposure to loud environments and avoid concentrated exposure to irritants, such as pulmonary irritants, fumes, gases, dust and should avoid concentrated exposure to bright lights.

(AR 36-40.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 37.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a data entry clerk. (AR 40.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 41.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence. The ALJ's determination that Plaintiff can perform his past relevant work is supported by substantial evidence.

///

///

///

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

### A. The ALJ Properly Considered The Medical Evidence

Plaintiff contends that the ALJ improperly discounted the neurological opinion of the agreed workers' compensation examiner Dr. Lawrence Richman. The Court disagrees.

#### 1. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

    2.    Analysis

Plaintiff alleges he is unable to work due to headaches, neck pain, and right hand limitations. (AR 36.) He testified he has carpal tunnel syndrome in his right hand. (AR 36.) The ALJ did find that Plaintiff has the medically severe impairments of bilateral knee arthritis, right carpal tunnel syndrome and tenderness, cervical radiculopathy, diabetes, and headaches. (AR 34.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a medium work RFC with restrictions, including that he can only "frequently handle and finger with the right dominant hand." (AR 36.) The ALJ's medium work RFC is supported by the opinions of State agency reviewing physicians and by consulting examiner Dr. Babak Tashakkor. (AR 39.) The ALJ also noted that there were few headache complaints after July 2015, as Plaintiff's headaches were controlled with Tylenol. (AR 36, 37, 108.)

Plaintiff contends that the ALJ erred in rejecting limitations opined by workers' compensation Agreed Medical Examiner Dr. Lawrence Richman in May 2015. (AR 40.) Dr. Richman would preclude lifting more than 20 pounds, repetitive flexion, extension and rotation of the head and neck, and fine fingering with the right hand. (AR 40.) Dr. Richman's light work

20 pound lifting restriction is inconsistent with the medium work RFCs of other physicians noted above.  The contradictory opinions of other physicians provide a specific, legitimate reason for rejecting a physician's opinion.  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  As Plaintiff concedes, any lifting restriction issue is moot because the ALJ found that Plaintiff could perform past relevant light work.  (JS 8:3-5, AR 40.)

The ALJ rejected Dr. Richman's restriction of no repetitive reflexion, extension, and rotation of the head and neck because the medical record documents only "minor findings" as to Plaintiff's neck.  (AR 38.)  Plaintiff contends that the ALJ failed to give specific, legitimate reasons for rejecting Dr. Richman's neck restriction, but quite to the contrary the ALJ provided numerous reasons.  The ALJ found that in July 2015 treatment records did not indicate any abnormal findings except edema in the extremities.  (AR 38, 1104.)  In September 2015, a physical examination noted normal findings in the head, lumbar spine, cervical spine, and extremities, with normal range of motion.  (AR 38, 1133-1135.)  In November 2017, a physical examination was normal.  (AR 38, 1199.)  Plaintiff did not address these findings in the Joint Statement.

Additionally, the ALJ also found that diagnostic imaging and physical exams showed only minimal findings regarding Plaintiff's spine.  (AR 37.)  In April 2014, a cervical spine MRI revealed a central annular tear at C6 to C7 with unconvertebral facet hypertrophy, and severe narrowing of the right neural foremen at C6 to C7.  (AR 37.)  Plaintiff disputes that these MRI results are "minimal findings," but State agency physicians found no evidence of severe limitations in Plaintiff's back or neck.  (AR 39-40, 102, 108, 118, 123.)  They also found that, despite complaints of diffuse musculoskeletal pain in back, neck, and knees, exams of these areas were consistently normal.  (AR 39-40, 102, 108, 118, 123.)  They found Plaintiff's back unremarkable.  (AR 105, 121.)  An ALJ may reject a physician's opinion that is contrary to the medical evidence of record.  Batson v. Commissioner of Soc. Sec. Adm., 359 F.3d 1190, 1195 (9th Cir. 2004) (physician's opinion may be rejected when "unsupported by the record as a whole"); Thomas, 278 F.3d at 987 (physician's opinion may be rejected when inconsistent with "other evidence of record").

The ALJ also rejected Dr. Richman's preclusion of using his right hand for fingering. (AR 40.) In July 2014, neurologist Dr. Sehati indicated Plaintiff was at his neurological baseline with no further follow-up necessary. (AR 37, 687.) By December 2014, Plaintiff's peripheral neuropathy was described as stable. (AR 38.) Although there was evidence of right hand weakness in 2016 and 2017, Plaintiff reported that over-the-counter medications helped. (AR 38.) In May 2017, the diagnosis was stable right hand weakness. (AR 38.) Plaintiff was treated conservatively. (AR 38, 39.) The State agency physicians opined that Plaintiff could frequently handle and finger with the right hand. (AR 39, 133, 137.) Dr. Tashakkor found that there was good range of motion and mild tenderness in the right hand. (AR 39, 1135.) Again, an ALJ may reject a physician's opinion that is contradicted by the opinions of other physicians. Tonapetyan, 242 F.3d at 1149.

The ALJ also found that Plaintiff's admitted daily activities undermine Dr. Richman's RFC. Plaintiff reported that he could manage his personal care, prepare simple meals, perform light cleaning, wash laundry, drive, shop in stores, and manage his personal finances. (AR 38.) He can carry grocery bags. (AR 36.) An ALJ may reject a physician's opinion that is contradicted by the claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ rejected Dr. Richman's opinion for specific, legitimate reasons supported by substantial evidence.

///

///

///

## B. The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations

Plaintiff contends that the ALJ improperly discounted Plaintiff's subjective symptom allegations. The Court disagrees.

### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### 2. Analysis

In determining Plaintiff's RFC, the ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 37.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 37, 39.) Because there was no finding of malingering, the ALJ was required to provide clear and convincing reasons supported by substantial evidence for

discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with the objective medical evidence. (AR 37.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). As already noted, diagnostic imaging and physical exams showed only minimal findings regarding Plaintiff's spine. (AR 37.) State agency physicians found that, notwithstanding Plaintiff's complaints of diffuse musculoskeletal pain in the back, neck and knees, exams in these areas were consistently normal. (AR 39-40, 102, 108, 118, 123.) Physical exams in September 2015 and November 2017 revealed normal findings and no significant functional limitations regarding Plaintiff's neck. (AR 38, 1133-1135.) There were but minimal findings regarding Plaintiff's knees. (AR 37.) There were no headache complaints after July 2015. (AR 37.) An EMG and NCS revealed mild to moderate carpal tunnel entrapment. (AR 39.) Dr. Tashakkor found that Plaintiff was mildly/occasionally limited in fine motor skills and manipulations with the right hand. (AR 39.) Dr. Tashakkor and State agency reviewing physicians all assessed Plaintiff with a reduced range medium work RFC.

Second, the ALJ found that Plaintiff's subjective symptom allegations were undermined because he received conservative treatment consisting of medication and physical therapy. (AR 39.) An ALJ may consider conservative treatment in evaluating subjective symptom allegations. Tommasetti, 533 F.3d at 1039. Impairments that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2006). Here, the ALJ reported that Plaintiff's knee impairment improved with conservative treatment consisting of Tylenol and a brace. (AR 37.) Plaintiff's carpal tunnel syndrome was treated conservatively, with over-the-counter medications. (AR 38.) Tylenol was used to control his headaches. (AR 36, 108.) The ALJ found that Plaintiff did not receive a level of treatment consistent with disability. (AR 39.)

Third, the ALJ found that Plaintiff's impairments do not significantly interfere with his activities of daily living. (AR 38.) Daily activities inconsistent with disability are a legitimate consideration in evaluating a claimant's subjective symptom allegations. Bunnell, 947 F.2d at 345-46. The ALJ found that Plaintiff did not receive a level of treatment consistent with disability. (AR 39.) Plaintiff can manage his personal care, prepare simple meals, perform light cleaning, wash laundry, drive, shop in stores and manage personal finances. (AR 38.) He also can carry grocery bags. (AR 36.) Plaintiff contends that these activities do not mean he can work a full-time job but the inconsistent daily activities prove that his alleged symptoms are not as severe as alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence.

## II. THE ALJ'S DETERMINATION THAT PLAINTIFF CAN PERFORM HIS PAST RELEVANT WORK IS SUPPORTED BY SUBSTANTIAL EVIDENCE

At the fourth step of the sequential evaluation, the ALJ determined that Plaintiff could perform his past relevant work as a data entry clerk (DOT 239.567-010). (AR 40-41.) This job is characterized as light exertional with frequent handling and fingering consistent with Plaintiff's RFC. The ALJ explained that the data entry job is allowed because Plaintiff retains the ability to do medium work and any additional limitations assessed by the ALJ do not preclude him from performing this past relevant work. (AR 40-41.)

Plaintiff contends that the VE erred in citing DOT 239.567-010 for the data entry clerk job. That DOT code is for Office Helper. Plaintiff argues that the correct DOT classification for a data entry clerk should be DOT 203.582-054, which is sedentary with frequent handling but constant fingering.

Plaintiff, however, ignores that his employer returned him to light duty/work, post-injury. (AR 59, 67.) As Plaintiff states, he was able to take 2-3 extra breaks a day whenever he wanted because he was on light duty. (AR 59). He did not even let the supervisor know. (AR 68.) The VE appears to have chosen the light duty DOT classification closest to the job as Plaintiff's employer permitted him to perform it. (AR 80-82.) Plaintiff acknowledges the extra breaks but not how those breaks affect the choice of DOT classification. Plaintiff's contention that the VE made a mistake in designating the DOT code is not substantiated.

Even if the VE made a mistake, it was harmless. Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless if inconsequential to the outcome). The VE testified that Plaintiff could perform work that was not fast paced and did not require constant use of the hands. (AR 81-82.) Plaintiff was able to perform the data entry job and claimed he had no problems performing the computer work except he felt tired sometimes. (AR 67.) Plaintiff did not leave the job because of his impairments but because his contract was over. (AR 61.) Thus, the VE testified that Plaintiff could perform the work despite the DOT description. (AR 67, 82.) A VE's recognized expertise provided the necessary foundation for his or her testimony. Bayliss, 427 F3d at 1218.

Plaintiff bears the burden to prove that he cannot perform past work as either actually performed or generally performed in the national economy. Carmickle v. Comm'r of Soc. Sec. Admin., 533 F. 3d 1155, 1166 (9th Cir. 2008). Plaintiff failed to show he cannot perform the job as a data entry clerk as generally or actually performed. (AR 40-41.)

///
///
///
///

The ALJ's fourth step determination that Plaintiff can perform his past relevant work as a data entry clerk as actually and generally performed is supported by substantial evidence.[1]

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 6, 2020

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] The ALJ found that Plaintiff's prior work as a data entry clerk met the recency, durational, and earnings requirements to be considered past relevant work. (AR 40.) Plaintiff argues that his light duty job as a data entry clerk is properly characterized as an unsuccessful work attempt. Plaintiff, however, does not meet the requirements for an unsuccessful work attempt. See 20 C.F.R. § 404.1574 (a)(1) and (c). The regulations require work for a period of six months or less and that a claimant's impairment forced the claimant to stop working. Id. Plaintiff worked as a data entry clerk for six months from April to September 2014 (AR 40, 59-60) but did not leave the job because of his impairments or because he could not perform the job. He lost the data entry clerk job because his contract was over. (AR 61, 67.) There is no reason to believe he could not have continued in the position.